B1040 (FORM 1040) (12/15)

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |

| **PLAINTIFFS**<br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee | **DEFENDANTS**<br>LEIDOS, INC., |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>FINLAYSON TOFFER ROOSEVELT & LILLY LLP<br>15615 Alton Parkway, Suite 250, Irvine, California 92618<br>Telephone (949) 759-3810 \| Fax (949) 759-3812 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff alleges the following claims for relief: 1) Avoid and Recover Fraudulent Transfers pursuant to §§ 548 and 550 of the Bankruptcy Code; 2) Avoid and Recover Fraudulent Transfers in the event that Defendant asserts that one or more transfers was not made on account of an antecedent debt pursuant to §§ 548 and 550 of the Bankruptcy Code; and 3) Disallowance of Defendant's Proof of Claim pursuant to §§ 547 and/or 548 of the Bankruptcy Code.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☑ 12 - Recovery of money/property - § 547 preference
☑ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law         ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint                              Demand $ 43,177.40 (at least)

Other Relief Sought
Any Claims be disallowed until the transfers are repaid to the Trustee under § 502(d) of the Bankruptcy Code; and that the Court award prejudgment interest at the maximum legal rate from the earliest date allowed by law under 28 U.S.C. § 1961

B1040

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Sullivan International Group, Inc. ||| BANKRUPTCY CASE NO.<br>15-02281-LT7 |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California | DIVISIONAL OFFICE || NAME OF JUDGE<br>Hon. Laura S. Taylor |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF || DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jesse S. Finlayson ||||
| DATE<br>March 30, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jesse S. Finlayson |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

JESSE S. FINLAYSON, SBN 179443
*jfinlayson@ftrlfirm.com*
MATTHEW E. LILLY, SBN 218143
*mlilly@ftrlfirm.com*
**FINLAYSON TOFFER ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 250
Irvine, CA 92618
Telephone: 949.759.3810
Facsimile: 949.759.3812

Attorneys for Christopher R. Barclay,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 15-02281-LT7 |
| SULLIVAN INTERNATIONAL GROUP, INC., | Chapter 7 |
| Debtor. | Adv. Proc. No. |
| CHRISTOPHER R. BARCLAY, chapter 7 trustee, | **COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND/OR FRAUDULENT TRANSFERS** |
| Plaintiff, | |
| v. | |
| LEIDOS, INC., | |
| Defendant. | |

Plaintiff Christopher R. Barclay (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Sullivan International Group, Inc. (the "Debtor"), files this Complaint against Defendant Leidos, Inc. ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), and (H).

3. This adversary proceeding arises under title 11 of the United States Code (the "Bankruptcy Code") and arises in a case under the Bankruptcy Code pending before this Court.

4. Venue of this adversary proceeding is properly before this Court pursuant to 28 U.S.C. § 1409(a).

5. This Complaint initiates an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001.

6. Pursuant to Local Bankruptcy Rule 7008-1, the Trustee consents to entry of final orders or judgment by the bankruptcy judge if any matters are determined to be core.

## PROCEDURAL BACKGROUND AND PARTIES

7. On April 6, 2015 (the "Petition Date"), the Debtor commenced a case under chapter 11 of the Bankruptcy Code with this Court. On September 11, 2015, the Bankruptcy Court entered an order converting the Debtor's case from chapter 11 to chapter 7.

8. The Trustee is the duly authorized representative of the Debtor's bankruptcy estate pursuant to section 704 of the Bankruptcy Code.

9. The Trustee is informed and believes, and on that basis alleges, that the Debtor is a corporation organized and existing under the laws of the State of California, with its principal place of business located in San Diego, California.

1

10. Defendant is an individual, corporation, or other legal entity who sold goods to, or performed services for, the Debtor prior to the Petition Date.

## THE TRANSFERS

11. On or within 90 days prior to the Petition Date (the "Preference Period"), the Debtor made one or more transfers to or for the benefit of Defendant, as set forth on Exhibit "A" annexed hereto.

12. Exhibit "A" reflects the Trustee's present knowledge of the transfers made to the Defendant by the Debtor during the Preference Period. During the course of this adversary proceeding the Trustee may learn (through discovery or otherwise) of additional transfers made by the Debtor to the Defendant during the Preference Period. The Trustee is seeking to avoid and recover all such transfers, whether such transfers presently are reflected on Exhibit "A" or not. Collectively, all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant during the Preference Period (whether such transfers presently are reflected on Exhibit "A" hereto or not) are referred to herein as the "Transfers."

## FIRST CLAIM FOR RELIEF

### (Avoid and Recover Fraudulent Transfers from the Defendant)

13. The Trustee incorporates by reference the allegations of paragraphs 1 through 12, inclusive, as if fully set forth herein.

14. The Transfers were made within 90 days prior to the Petition Date.

15. The Transfers were transfers of an interest of the Debtor in property.

16. The Transfers were made to or for the benefit of Defendant, a creditor of the Debtor.

17. The Transfers were made for or on account of antecedent debts owed to Defendant by the Debtor before such Transfers were made.

18. The Transfers were made while the Debtor was insolvent.

19. The Transfers enabled Defendant to receive more than Defendant would receive if: (a) the Debtor's bankruptcy were a case under chapter 7 of the Bankruptcy

2

Code; (b) the Transfers had not been made; and (c) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

20. The Transfers constitute preferential transfers which should be avoided as preferences pursuant to section 547 of the Bankruptcy Code and are recoverable from Defendant pursuant to section 550 of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

**(Avoid and Recover Fraudulent Transfers from the Defendant)**

21. The Trustee incorporates by reference the allegations of paragraphs 1 through 20, inclusive, as if fully set forth herein. The Trustee brings this Second Claim for Relief in the event that Defendant asserts that one or more of the Transfers was not made on account of an antecedent debt of the Debtor.

22. The Transfers constitute transfers of an interest of the Debtor in property.

23. The Debtor made the Transfers to Defendant with the actual intent to hinder, delay, or defraud one or more of his creditors.

24. The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

25. The Debtor was (a) insolvent at the time of the Transfers, or became insolvent as a result of the Transfers, or (b) intended to incur or believed that it would incur debts that would be beyond its ability to pay as such debts matured at the time of the Transfers.

26. The Transfers constitute fraudulent transfers which should be avoided pursuant to section 548 of the Bankruptcy Code and are recoverable from Defendant pursuant to section 550 of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF

**(Disallowance of Defendant's Proof of Claim)**

27. The Trustee incorporates by reference the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

3

28. Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code and is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code.

29. Defendant has not paid the amount, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

30. To the extent that Defendant currently possesses filed claims against the Debtor, whether pre-petition or administrative (collectively, the "Claims"), the Claims should be disallowed until the Transfers are repaid in full to the Trustee pursuant to section 502(d) of the Bankruptcy Code.

## **REQUEST FOR JUDGMENT**

The Trustee prays for judgment as follows:

A.  That the Transfers be avoided;

B.  That judgment be entered in favor of the Trustee and against the Defendant, in an amount at least $43,177.40 (plus such additional transfer amounts that the Trustee learns, through discovery or otherwise, were made by the Debtor to the Defendant during the Preference Period), plus interest at the legal rate from the date of the Transfers;

C.  Pre-judgment interest at the maximum legal rate from the earliest date allowed by law until the date of judgment, and post-judgment interest, at the maximum legal rate pursuant to 28 U.S.C. § 1961, together with all costs of this action;

D.  That any Claims be disallowed until the Transfers are repaid to the Trustee pursuant to 502(d) of the Bankruptcy Code; and

///
///
///

4

E.  That the Trustee be granted such other and further relief as is just and proper.

DATED:  March 30, 2017

FINLAYSON TOFFER
ROOSEVELT & LILLY LLP

By: */s/ Jesse S. Finlayson*
　　　　Jesse S. Finlayson

Attorneys for Christopher R. Barclay,
Chapter 7 Trustee

Case Title: Christopher Barclay, Chapter 7 Trustee v. Leidos, Inc.
In re: Sullivan International Group, Inc.
Bankruptcy Case No.: 15-02281-LT11

## EXHIBIT A to COMPLAINT

|    | Date     | Check No. | Amount      |
|----|----------|-----------|-------------|
| 1. | 2/2/2015 | 33060     | $43,177.40  |

**TOTAL PAYMENT**    **$43,177.40**